UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| SALLIE M. WALKER | * | CIVIL ACTION NO. 16-1129 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| GREEN CLINIC MEDICAL CENTER | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim, FED. R. CIV. P. 12(b)(6), [doc. #8], filed by Defendant Green Clinic Medical Center. The motion is unopposed. For reasons assigned below, it is recommended that the motion be **GRANTED.**

Background

On August 2, 2016, Plaintiff Sallie M. Walker filed the instant complaint pursuant to 42 U.S.C. § 1983 for injuries allegedly sustained on April 1, 2011, as a result of negligent medical treatment she received at Green Clinic Medical Center ("Green Clinic") [doc. #1]. Plaintiff alleges that Green Clinic medical personnel negligently conducted an intravenous pyelogram procedure ("IVP") on Plaintiff by allowing the dye to leak into her arm. She further claims that Green Clinic allowed inexperienced technicians to perform the IVP procedure. She also asserts that Green Clinic was "deliberately indifferent" to her medical needs by failing to take reasonable steps to abate her pain and stop the procedure. The complaint argues that Green Clinic violated plaintiff's due process and equal protection rights.

Plaintiff requests $100,000 in compensatory damages for pain and suffering, as well as damages to cover "any or all medical needs past, present, and future."

On December 13, 2016, Green Clinic filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. [doc. #8]. Green Clinic argues that Plaintiff's § 1983 claims fail because Green Clinic is not a state actor, and that Plaintiff's state law medical malpractice claims are barred by res judicata. The motion is unopposed. *See* doc. #9. Thus, this matter is now before the court.

## Applicable Law

### I.     Standard of Review Under Rule 12(b)(6)

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153-54 (5th Cir. 2010). A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319,

327 (1989).

II. **Section 1983 Framework**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Section 1983, however, does not create any substantive rights; it simply provides a remedy for the rights designated therein. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citing 42 U.S.C. § 1983)). "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id*. (citation omitted).

To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n. 18 (1982). In general, the state does not have a constitutional duty to protect individuals from private harm. *Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Moreover, private entities are not generally considered state actors. *Meade v. Dillard Dept. Stores*, 275 F.3d 43, 43 (5th Cir. 2001). Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

However, for purposes of § 1983, there are several instances where seemingly private

conduct may be charged to the state. First, "[p]rivate action may be deemed state action when the defendant's conduct is 'fairly attributable to the State.'" *Id.* at 423 (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)). Under the "fair attribution" test, "the plaintiff must show: (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor." *Id.* "State action will not accrue merely because of government acquiescence or approval of the private entity's actions." *Id.* Second, under the "public function" test, a private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state. *Bass*, 180 F.3d at 241-42 (citing *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Third, under the state compulsion test, a state will be held responsible for a private decision "when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* at 242 (citing *Blum v. Yaretsky*, 457 U.S. 991, 102 (1982)). Lastly, under the joint action test, state action may be found where the government has "so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the enterprise." *Id.* (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 (1974)).

## Analysis

I.    **Plaintiff's Claims Are Barred by Res Judicata**

Plaintiff's complaint alleges § 1983 and state law negligence claims. Specifically, Plaintiff alleges that Green Clinic medical personnel negligently conducted an IVP procedure by allowing the dye to leak into Plaintiff's arm. She further claims that Defendant negligently

allowed inexperienced technicians to perform the IVP procedure and that it was "deliberately indifferent" to her medical needs by failing to take reasonable steps to abate her pain and stop the procedure. The complaint asserts that Green Clinic violated Plaintiff's due process and equal protection rights.

On August 15, 2014, Plaintiff filed suit in state court alleging medical malpractice against Green Clinic ("*Walker I*"). [doc. #1-2]. Her state court complaint alleged *verbatim* the same claims she now asserts in federal court, namely:

- Negligence in performing an (IVP) by allowing the dye to leak into plaintiff's arm:

- Allowing an inexperience [sic] technician to perform the procedure:

- Failing to stop the procedure, causing pain to the plaintiffs' arm

*Id.* Green Clinic filed a motion for summary judgment, arguing that there was no genuine issue of material fact as to plaintiff's inability to meet her burden of proof regarding the alleged breach of the standard of care or causation. Walker did not file a written memorandum in opposition; however, following oral arguments, the state court entered judgment on May 22, 2015, in favor of Green Clinic and against Walker.

"A federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000). The Louisiana res judicata statute provides, in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (2) if the judgment is in favor of the defendant, all causes of action existing at the

>time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
>(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

L<small>A</small>. R.S. § 13:4231. "Pursuant to this statute, then, a second action is precluded when all of the following criteria are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." *Allied Van Lines, Inc. v. Fairfield Ins. Co.*, 591 F.Supp.2d 852 (E.D. La. 2008) (quoting *Wooley v. State Farm Fire and Cas. Ins. Co.*, 893 So.2d 746, 771 (La. 2005)).

The foregoing elements are easily satisfied here: 1) the state court judgment was valid; 2) the state court judgment was final as to all claims; 3) Walker and Green Clinic were/are both parties to *Walker I* and the instant suit; 4) the cause of action asserted in the instant suit existed at the time of the final judgment in *Walker I*; and 5) the cause of action asserted in the instant suit arose out of the same transaction or occurrence that was the subject matter of *Walker I.*

Accordingly, it is recommended that Plaintiff's claims be dismissed as barred by res judicata.

## II.     Plaintiff Also Fails to State a Cognizable Claim Under Section 1983

Even if Plaintiff's § 1983 claims were not barred by res judicata, her complaint cannot support a cause of action under § 1983. Green Clinic is a private entity and is not a state actor under § 1983. Plaintiff's complaint is devoid of any factual allegations to suggest that Green

Clinic's conduct can be attributed to the State, or that the State has encouraged, participated, or otherwise coerced Green Clinic into acting. Moreover, medical care is not a function which is traditionally the exclusive province of the State.

Accordingly, it is recommended that Plaintiff's § 1983 claim be DISMISSED on this ground as well.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted, [doc. # 8], filed by defendant Green Clinic be GRANTED, and that plaintiff's complaint be DISMISSED WITH PREJUDICE.  FED.R.CIV.P. 12(b)(6).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 17th day of January 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE